SANOFI–SYNTHELABO; Sanofi–Synthelabo, Inc.; and Bristol–Myers Squibb Sanofi Pharmaceuticals Holding Partnership, Plaintiffs,

v.

APOTEX INC.; and Apotex Corp., Defendants.

Sanofi–Synthelabo; Sanofi–Synthelabo, Inc.; and Bristol–Myers Squibb Sanofi Pharmaceuticals Holding Partnership, Plaintiffs,

v.

Dr. Reddy's Laboratories, Ltd.; and Dr. Reddy's Laboratories, Inc., Defendants.

No. 02 CIV. 2255(SHS), 02 CIV. 3672(SHS).

United States District Court, S.D. New York.

March 25, 2005.

Evan R. Chesler, Richard J. Stark, Cravath Swaine Moore LLP, Robert L. Baechtold, Thomas H. Beck, William Ericson Solander, Fitzpatrick, Cella, Harper & Scinto, New York, NY, for Plaintiffs.

Allan H. Fried, Bruce J. Chasan, Mona Gupta, Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd., Philadelphia, PA, Anthony F. Lo Cicero, Amster, Rothstein & Ebenstein LLC, New York, NY, Andrew Jay Miller, Stuart D. Sender, Budd, Larner, Rosenbaum, Greenberg and Sade, P.C., Short Hills, NJ, for Defendants.

## MEMORANDUM OPINION & ORDER

STEIN, District Judge.

**Introduction**

In the two above-captioned consolidated cases, plaintiffs Sanofi–Synthelabo, Sanofi–

Synthelabo, Inc., and Bristol–Myers Squibb Sanofi Pharmaceuticals Holding Partnership (collectively "Sanofi") move for reconsideration of Judge Robert W. Sweet's Opinion dated January 26, 2004. For the reasons set forth more fully below, the Court grants Sanofi's motion for reconsideration, and upon reconsideration, denies the motion of defendants Apotex Inc. and Apotex Corp. (collectively "Apotex") to compel the production of correspondence and deposition witnesses on the issue of why Sanofi decided to cancel original claims 6–9 in the prosecution of patent application 07/155,550.

## I. The January 26, 2004 Opinion

The Court will assume familiarity with the facts set forth in *Sanofi–Synthelabo v. Apotex*, 299 F.Supp.2d 303 (S.D.N.Y.2004). In that Opinion, Judge Sweet concluded that statements made in a deposition by Dr. Michael Alexander, a Sanofi witness, caused an implied forfeiture of the attorney-client privilege on the issue of why Sanofi decided not to pursue original patent claims 6–9 in the prosecution of patent application 07/155,550. *Sanofi–Synthelabo*, 299 F.Supp.2d at 308–09. As a result of the implied forfeiture of the attorney-client privilege, the court granted Apotex's motion to compel deposition testimony and all correspondence after November 4, 1988 relating to the issue. In his Opinion, Judge Sweet wrote that the particulars of the order should be settled on notice. *Id.* at 309. Subsequently, and prior to any order being entered, Sanofi made this motion for reconsideration and these actions were transferred to this Court.

Sanofi asserts two points in support of its motion. First, that Alexander's statements did not reveal a confidential legal communication but merely addressed underlying facts. Second, that even assuming Alexander's statements concerned legal communications, Alexander did not forfeit the privilege.

## II. The Standard for Reconsideration

■ Motions for reconsideration should only be granted when "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusions reached by the court." *Shrader v. CSX Trans.*, 70 F.3d 255, 257 (2d Cir.1995). "Alternately, the movant must demonstrate the need to correct a clear error or prevent manifest injustice." *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y.1999).

## III. The Standard for Forfeiting the Attorney–Client Privilege

■ Forfeiture of the attorney-client privilege turns on "considerations of fairness to the adversary." *John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003). The question of "whether fairness requires disclosure … is best decided on a case by case basis, and depends primarily on the specific context in which the privilege is asserted." *Id.* (quoting *In re Grand Jury Proceedings*, 219 F.3d 175, 183 (2d Cir.2000)) (internal quotation marks omitted). "The unfairness courts have found which justified imposing involuntary forfeiture generally resulted from a party's advancing a claim to a court or jury (or perhaps another type of decision maker) while relying on its privilege to withhold from a litigation adversary materials that the adversary might need to effectively contest or impeach the claim." *Id.* at 303.

■ "The crucial issue is not merely some connection to a judicial process but rather the type of unfairness that results in litigation circumstances when a party uses an assertion of fact to influence the decisionmaker while denying its adversary

access to privileged material potentially capable of rebutting the assertion." *Id.* at 306. See also *United States v. Bilzerian,* 926 F.2d 1285 (2d Cir.1991). "[A]ssertions only to [a party's] adversary" do not result in forfeiture. *John Doe Co.,* 350 F.3d at 306.

## IV. Sanofi Did Not Forfeit the Privilege

 Assuming without deciding that Alexander's statements concerned legal communications, those statements do not result in the kind of unfairness that requires forfeiture of the attorney-client privilege in the context of these litigations. Alexander merely stated in a deposition that based upon his conversations with Sanofi's outside counsel, Sanofi cancelled claims 6–9 of its patent application to "expedite prosecution" of the patent application and "perhaps" because of "business considerations," although he had "no information one way or the other." *Sanofi,* 299 F.Supp.2d at 306.

Sanofi has not asserted facts to a decision maker, such as a judge or jury, while shielding other facts from that decision maker. Alexander's assertion "does not run the risk that some independent decisionmaker will accept [his] representations without [Apotex] having adequate opportunity to rebut them." *See John Doe Co.,* 350 F.3d at 304 & n. 3. Apotex simply has not suffered the unfairness that results in forfeiture of the privilege.

Of equal importance is the fact that Alexander's statements were minimal, fleeting, and his words underscored his uncertainty. Indeed, he admitted he had "no information one way or the other" to support or disprove his statement that "perhaps" business considerations were involved. He did not make an affirmative representation that Apotex must impeach or suffer an adverse consequence. *Cf.*

*United States v. Bilzerian,* 926 F.2d 1285 (2d Cir.1991). Within the context of this litigation, there is nothing to show that Alexander's very unsure statements put Apotex at any appreciable disadvantage that would necessitate a finding of forfeiture of the attorney-client privilege.

## Conclusion

For the reasons set forth above, the Court grants Sanofi's motion for reconsideration of Judge Sweet's decision, and upon reconsideration, denies Apotex's motion to compel Sanofi to produce deposition witnesses and all correspondence after November 4, 1988 bearing on the issue of why Sanofi cancelled original claims 6–9 in its prosecution of patent application 07/155,-550.

SO ORDERED.